**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LEVOLOR, INC., <br><br><br> Plaintiff, <br><br> vs. <br><br> ROWLEY COMPANY LLC, <br><br><br> Defendant. | **CIVIL ACTION NO. _____** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Levolor, Inc. ("Levolor" or "Plaintiff"), by and through its undersigned attorneys, hereby submits its Original Complaint (the "Complaint") against Defendant Rowley Company LLC ("Rowley" or "Defendant") and alleges as follows:

## INTRODUCTION

This is an action for trademark arising out of Defendant's unauthorized use of Levolor's TRIM+GO trademark to market, offer for sale, and sell competing window blinds and shades and related products. Levolor seeks injunctive relief, actual damages, disgorgement of profits, attorneys' fees, and other relief as set forth herein.

## PARTIES

1.      Plaintiff Levolor, Inc. is a Delaware corporation with its principal

place of business located at 5775 Glenridge Drive, Building A, Atlanta, GA 30328.

2.      Defendant Rowley Company LLC is a South Carolina limited liability

company with a principal place of business located at 230 Meek Road, Gastonia,

NC 28056.

## JURISDICTION AND VENUE

3.      This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.,

O.C.G.A. §§ 23-2-55 and 10-1-370 *et seq*., and Georgia common law. This Court

has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

1331, 1338, and 1367.

4.      The Court has personal jurisdiction over Defendant because

Defendant has committed tortious acts of infringement within this district, transacts

business within this district related to this action, and this action arises from

Defendant's infringing conduct within this district. Specifically, the Court has

personal jurisdiction over Defendant as a substantial part the events giving rise to

the claims occurred in this district, because despite having actual knowledge that

its conduct infringes Levolor's TRIM+GO mark and of the harm its intentional

acts have caused and continue to cause Levolor including in Georgia, Defendant

nevertheless continues to market, offer to sell, and sell its unauthorized offending services in this district

5.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part the events giving rise to the claims occurred within the Northern District of Georgia and/or because Defendant is subject to personal jurisdiction in this district with respect to this civil action.

## GENERAL ALLEGATIONS

### Levolor's business and use of the TRIM+GO mark

6.     Founded in 1914, Levolor is a well-known manufacturer and supplier of blinds, shades, shutters, and other related window and dooring products (collectively, "Levolor's Goods"). Levolor's Goods are available through a wide variety of retailers, including Lowe's, the Home Depot, and Amazon, as well as directly from Levolor's website, https://www.levolor.com/. With a tradition of offering high-quality products and through the use of wide-spread advertising, Levolor has established a reputation and goodwill for Levolor's Goods across the U.S. and around the world. Indeed, in 2021, Levolor made over $95 million in sales.

7.     Since at least 2017, Levolor has continuously used the mark TRIM+GO in association with a line of finished window treatments, including

blinds and shades (the "TRIM+GO Goods").  Examples of Levolor's packaging and use of its TRIM+GO trademark are shown below:






8.    Each of the TRIM+GO Goods are prominently marked with

TRIM+GO, and the TRIM+GO mark is followed by the TM symbol, putting

competitors on notice of Levolor's claim to common law rights in the TRIM+GO

mark.

9.    In the tradition of other Levolor products, the TRIM+GO Goods have

developed a reputation for their high-quality and have also developed considerable goodwill as a result. For instance, an *Insider* article entitled "The 11 best places to shop for blinds and shades in 2022" lists the retailer Lowe's as one of the "best places" to buy blinds and shades, and specifically lists the "Levolor Trim+Go Greystone Light Filtering Cordless Roman Shade" as a "Popular Option" for shades:



https://www.insider.com/guides/home/best-blinds-shades (January 14, 2022) (last accessed May 10, 2022).

18215402v1

**Defendant's Infringing Activity**

10.     Despite Levolor's long-standing and well-known use of its TRIM+GO mark, Defendant recently began using two confusingly similar marks, TRIM N GO and CUT N GO (collectively, "Defendant's Marks"), for the sale of Defendant's competing blinds and shades.

11.     On March 30, 2020, Kristi Calleja, Defendant's Vice President of Business Development Blinds & Shades, posted on LinkedIn that at an upcoming Internal Window Covering Expo, Defendant would provide "exclusive product demos of our new workroom products including the NEW! ***Trim N' Go*** cellular shades collection . . . ." (***emphasis added***). A screenshot of the posting is reproduced below:

18215402v1



12.    Ms. Calleja's post also contained an image of TRIM N GO prominently displayed below the words "COME SEE WHAT'S NEW AT ROWLEY."

13.    Notably, Ms. Calleja formerly held the position of "Director Install Sales" *for Levolor* from January 2019 through August 2021:

### Experience

**Vice President Of Business Development Blinds & Shades**
Rowley Company · Full-time
Jun 2020 - Present · 2 yrs
United States

**Director Install Sales**
Levolor
Jan 2019 - Aug 2021 · 2 yrs 8 mos
United States

**Vista Products**
41 yrs 8 mos

- **Director of Sales a+r**
  1980 - Aug 2021 · 41 yrs 8 mos

- **vp national accounts**
  Sep 1982 - Sep 2018 · 36 yrs 1 mo

https://www.linkedin.com/in/kristi-calleja-213b7728/ (last accessed: May 11, 2022).

14.     Indeed, during her tenure at Levolor, Ms. Calleja worked directly with the promotion and sales of Levolor's TRIM+GO products.

15.     A mere two months after Ms. Calleja started working for Defendant, Defendant filed intent-to-use trademark applications for TRIM N GO (U.S. Application No. 90132639) and CUT N GO (U.S. Application No. 90132665), listing the following goods for both applications: "Indoor blinds; Indoor window blinds; Indoor window blinds being shades; Indoor window shades; Interior window blinds; Interior window shades."

18215402v1

16.    Upon noticing Defendant's March 30, 2022, advertising post identified above, Levolor (through its parent company, Hunter Douglas Inc.) immediately sent Defendant a cease and desist letter on March 31, 2022, setting forth Levolor's senior rights to the TRIM+GO mark, pointing out the clear overlap in Ms. Calleja's employment and the timing of the intent-to-use applications for Defendant's TRIM N GO mark, and demanding Defendant cease and desist from any use of TRIM N GO or any other confusingly similar trademark to Levolor's TRIM+GO mark.

17.    Defendant responded through counsel by refusing Levolor's demands and arguing, among other things, that TRIM+GO was too descriptive to be protected as a trademark, ignoring the fact that Defendant itself had applied to register the mark with the USPTO and that the USPTO approved the application without any descriptiveness refusal.

18.    A subsequent letter from Levolor's counsel on April 21, 2022, specifically noted the infringing use of CUT N GO, as the word "cut" is merely a synonym of "trim" and carries the same connotation and commercial impression.

19.    Notwithstanding Levolor's cease and desist letters, Defendant proceeded to submit statements of use to the USPTO for its two trademark applications, claiming a first use in interstate commerce of "at least as early as

18215402v1

04/01/2022" for TRIM N GO and "at least as early as 04/06/2022" for CUT N GO.

Defendant's specimens submitted to the USPTO reflecting its use in commerce of

the two infringing marks are depicted below:





18215402v1

20.     Despite these warnings and clear notice that Defendant's Marks infringe Levolor's TRIM+GO mark, Defendant has ignored Levolor's demands and proceeded to use its infringing marks in commerce to market and sell competing window blind products.

## FIRST CLAIM FOR RELIEF
**Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

21.     Levolor incorporates the preceding paragraphs as though set forth in full herein.

22.     By virtue of its actual use in commerce of the TRIM+GO mark, Plaintiff owns valid common law trademark rights to TRIM+GO mark for various goods, including for finished window treatments such as blinds and shades.

23.     Levolor has used and promoted the TRIM+GO mark continuously from 2017 to the present. The TRIM+GO mark is well known and associated by the public with Levolor's goods.

24.     Defendant's actions as alleged herein, and specifically Defendant's adoption and use of TRIM N GO and CUT N GO without authorization from Levolor in connection with blinds and shades is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of

Defendant with Levolor, or as to the origin, sponsorship, or approval of Defendant's goods by Levolor. Defendant's conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    Upon information and belief, Defendant had actual knowledge of Levolor and the TRIM+GO mark before it began promoting its goods in connection with TRIM N GO and CUT N GO.  At a minimum, Defendant has been on notice of Levolor's trademark rights in its TRIM+GO mark since no later than March 31, 2021, yet continue to use and infringe upon the TRIM+GO mark without authorization.  Further, Defendant's Vice President of Business Development Blinds & Shades, Kristi Calleja, also worked for Levolor on its TRIM+GO competing products.  A mere two months after Ms. Calleja joined Defendant in June 2020, Defendant filed its intent-to-use applications for TRIM N GO and CUT N GO. As such, Defendant's infringement is willful.

26.    As a direct and proximate cause of Defendant's infringement, Levolor has and is likely to be substantially injured in its business, including loss of goodwill, reputation, revenues, and/or profits.

27.    Levolor has no adequate remedy at law because the TRIM+GO mark reflects the identity, reputation, and goodwill of Levolor such that damages will

not adequately compensate Levelor for the harm caused by Defendant's infringement.

28.    Unless enjoined by the Court, Defendant will continue to use and infringe the TRIM+GO mark and cause irreparable injury to Levolor.  This threat of future injury to the business identity, goodwill, and reputation of Plaintiff requires injunctive relief to prevent Defendant's continued use of the TRIM+GO mark, and to ameliorate and mitigate continued harm to Levolor's goodwill and trademark rights.

## SECOND CLAIM FOR RELIEF
### Unfair Competition under O.C.G.A. § 23-2-55

29.    Levolor incorporates the preceding paragraphs as though set forth in full herein.Defendant has engaged in fraudulent acts or practices in violation of the prohibition against unfair competition under O.C.G.A. § 23-2-55 by using Levolor's TRIM+GO trademark with the intention of deceiving and misleading the public.

30.    Defendant has used and is using the TRIM N GO and CUT N GO marks, which are nearly identical or similar to Levolor's TRIM+GO mark, without authorization from Levolor, in a manner suggests sponsorship by, approval by, authorship by, association with, or affiliation with Levolor.

31.    Defendant's use is likely cause confusion among the public as to the

true origin, source, sponsorship, approval, authorization, association, or affiliation of the goods offered under Defendant's Marks, all to Levolor's detriment.

32.    Defendant's use is likely cause confusion among the public and is with the intention of deceiving and/or misleading the public regarding the true origin, source, sponsorship, approval, authorization, association, or affiliation of the goods offered under Defendant's Marks, all to Levolor's detriment.

33.    The aforesaid acts of Defendant are likely to cause injury to Levolor's business reputation and result in Defendant unfairly competing with Levolor.

34.    Defendant's acts of unfair competition under Georgia law are causing Levolor to suffer irreparable harm, for which it has no adequate remedy at law, and must be enjoined.

### THIRD CLAIM FOR RELIEF
### Violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

35.    Levolor incorporates the preceding paragraphs as though set forth in full herein.

36.    Defendant's adoption and use of the TRIM N GO and CUT N GO marks without authorization from Levolor have caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods, in violation of O.C.G.A. § 10-1-370(a)(2).

- 15 –

37.     Defendant's adoption and use of the TRIM N GO and CUT N GO marks without authorization from Levolor have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Levolor, in violation of O.C.G.A. § 10-1-370(a)(3).

38.     Through Defendant's adoption and use of the TRIM N GO and CUT N GO marks without authorization from Levolor, Defendant has represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, in violation of O.C.G.A. § 10-1-370(a)(5).

39.     Through Defendant's adoption and use of the TRIM N GO and CUT N GO marks without authorization from Levolor, Defendant has engaged in conduct which creates a likelihood of confusion or of misunderstanding, in violation of O.C.G.A. § 10-1-370(a)(12).

40.     Defendant's actions demonstrate a willful and bad faith intent to harm Plaintiff's business and the goodwill and reputation of Plaintiff.

41.     Unless enjoined by the Court, Defendant will continue to use and infringe the TRIM+GO mark and cause irreparable injury to Levolor.  This threat of future injury to the business identity, goodwill, and reputation of Plaintiff requires injunctive relief to prevent Defendant's continued use of the TRIM+GO

18215402v1

mark.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition
### under Georgia Common Law

42.     Levolor incorporates the preceding paragraphs as though set forth in full herein.

43.     Defendant's conduct misappropriates Levolor's valuable intellectual property rights and falsely trades on the goodwill symbolized by the TRIM+GO mark and is thereby likely to cause confusion or deception.

44.     Defendant has engaged in trademark infringement and unfair competition in violation of the common law of trademark infringement and unfair competition of the state of Georgia.

45.     Defendant's conduct constitutes an attempt to trade on the goodwill that Levolor has developed in the TRIM+GO mark.

46.     By virtue of Defendant's unauthorized use of the Levolor's mark, Defendant has caused Levolor irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court. Levolor has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Levolor requests that this Court:

18215402v1

1.      Grant injunctive relief enjoining Defendant and its principals, agents, servants, employees, successors, and assigns, and all those in privity, acting in concert, or in participation with it from:

       i.      imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of TRIM+GO or any other marks confusingly similar to the TRIM+GO mark;

       ii.      using any unauthorized copy or colorable imitation of the TRIM+GO mark, or false designation of origin or description, including but not limited to the Infringing Marks TRIM N GO and CUT N GO, in such fashion as is likely to relate or connect Defendant with Levolor or cause confusion;

       iii.      engaging in any other activity constituting false advertisement, unfair competition, or infringement of the TRIM+GO mark or Levolor's rights in, or to use, or to exploit the same; and

       vi. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (iii) above;

2.      Find that Defendant is liable for the causes of action alleged against it in this Complaint;

3.      Order Defendant and its principals, agents, servants, employees, successors, and assigns of and all those in privity, acting in concert, or in participation with Defendant who receive actual notice of said order to deliver up, or at Levolor's election certify the destruction of, all signs, articles, promotional, advertising, and any other printed materials of any kind bearing Levolor's mark and any mark confusingly similar to the TRIM+GO mark, pursuant to 15 U.S.C. § 1118 and other applicable law;

4.      Order Defendant to provide an accounting of all revenues and profits received by Defendant for its acts of infringement as set forth in this Complaint and order all such profits to be disgorged and paid to Levolor pursuant to 15 U.S.C. § 1117(a) and applicable state law.

5.      Direct the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119 to prevent the issuance of Defendant's U.S. Application No. 90132639 (TRIM N GO) and U.S. Application No. 90132665 (CUT N GO) or, to the extent such applications already have issued, order such registrations be cancelled pursuant to 15 U.S.C. § 1064.

6.      Award Levolor its costs and reasonable attorney's fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), and applicable common law,

state statute and federal law;

7.     Pursuant to O.C.G.A. § 10-1-373(b), award Levolor's costs for this action for Defendant's deceptive trade practices;

8.     Pursuant to O.C.G.A. § 10-1-373(b), find Defendant willfully engaged in trade practices knowing them to be deceptive and award Levolor's attorneys' fees; and

9.     Award Levolor pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

**JURY DEMAND**

Levolor demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of May 2022.

ARNALL GOLDEN GREGORY LLP

*/J. Tucker Barr/*
_____
J. Tucker Barr
Georgia Bar No. 140868
Erin N. Winn
Georgia Bar No. 386725
171 17th Street NW
Suite 2100

- 20 –

18215402v1

Atlanta, Georgia 30363
Telephone: 404.873.8500
Facsimile: 404.873.8501
tucker.barr@agg.com
erin.winn@agg.com

-- and --

Timothy P. Getzoff
Holland & Hart LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone:  303.473.2700
Facsimile:  303.473.2720
(*Pending Admission Pro Hac Vice*)

Attorneys for Plaintiff

18215402v1